NO. 07-09-00363-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
23, 2011

 



 

ADAM K. MOORE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2008-418,928; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Adam K. Moore appeals from
his conviction of the offense of aggravated sexual assault and the resulting
sentence of twenty years of imprisonment. 
Through three issues, appellant claims the trial court erred, requiring
reversal.  We will modify the trial
court’s judgment and affirm it as modified.

 

 

 

 

Background

            Appellant was indicted for
penetrating, with his finger, the sexual organ of his stepdaughter, who was
then almost six years old.[1]  On his plea of not guilty, the case was tried
to a jury.  The child, eight years old by
then, testified at trial.  The child’s
mother and a SANE nurse also were among the witnesses testifying for the
State.  Among other witnesses, appellant
presented a medical doctor.  Appellant
also took the stand, denying any sexual contact with his stepdaughter.

Analysis

Challenges for Cause to Prospective
Jurors 

            In his first issue, appellant argues the trial court
reversibly erred when it denied his challenge for cause to two members of the
venire.  Appellant contends the two members
indicated their inability to consider the full range of punishment as required
by law.  

            A defendant may challenge a
prospective juror for cause if the prospective juror demonstrates a bias or prejudice
against any of the law applicable to the case on which the defense is entitled
to rely. Tex. Code Crim. Proc. Ann. art. 35.16(c)(2).  The test is whether the bias or prejudice
would substantially impair the prospective juror's ability to carry out his oath and
instructions in accordance with law.  Feldman v. State, 71 S.W.3d 738, 744
(Tex.Crim.App. 2002). Before a prospective juror can be excused for cause on this basis, the law must be explained
to her and she must be asked whether she can follow that law regardless of
her personal views. Jones v. State, 982 S.W.2d 386, 390
(Tex. Crim. App.1998). The proponent of a challenge for cause has the
burden to show that the challenge is proper. Feldman, 71 S.W.3d at 747. The proponent does not
meet that burden until the record shows that the prospective juror understood the requirement of the law
and could not overcome her prejudice well enough to follow it. Id.

We
review a trial court's ruling on a challenge
for cause with "considerable deference" because the trial
court is in the best position to evaluate the prospective juror's
demeanor and responses. Russeau v. State, 171 S.W.3d 871, 879
(Tex.Crim.App. 2005); Blue v. State, 125 S.W.3d 491, 497
(Tex.Crim.App. 2003). We review the totality of the voir dire testimony to determine
whether it supports the trial court's finding with respect to
whether the prospective juror is able to follow the law as instructed. See King v. State, 29 S.W.3d 556, 568
(Tex.Crim.App. 2000); Murphy v. State, 229 S.W.3d 334, 339
(Tex. App.--Amarillo 2006, pet. ref'd). We will reverse a trial court's ruling on a challenge for cause "only if a clear abuse
of discretion is evident." Blue, 125 S.W.3d at 497.

            Appellant
contends the trial court should have granted his challenges to two panel
members, numbers 26 and 27, because each stated they could not consider
probation for someone convicted of aggravated sexual assault.  The State disagrees, arguing that the two initially
vacillated on the issue, but indicated an ability to consider the full range of
punishment, including probation, when subjected to individual questioning.  We agree with the State.  

Appellant’s
argument is based on misrepresentations of the record.  As to panel member 26, appellant’s brief
acknowledges that the member was questioned individually after her initial
expression of unwillingness to consider probation, but appellant quotes only
part of her questioning.  He fails to
mention that the inquiry with panel member 26 continued for three more pages in
the reporter’s record, with questioning by both counsel as well as further
questioning by the court.  By the
conclusion of the inquiry, member 26 gave a positive response to the court’s
question, asking if she “would be able to give some thought or some
consideration to the full range of punishment including the possibility of
probation depending upon the facts of the case?”  

With regard
to panel member 27, appellant’s brief makes no reference at all to her
individual questioning by the court.  The
record rather clearly shows that during the court’s questioning, the member
assured the court of her ability to consider the full range of punishment
including probation.

            When, as here, the record demonstrates vacillating or
equivocal prospective jurors, we accord great deference to the trial judge who had the better opportunity
to see and hear the person. Swearingen v. State, 101 S.W.3d 89, 99
(Tex.Crim.App. 2003).  Considering the entirety
of the voir dire testimony, as we must, we conclude without difficulty that the
trial court did not err by overruling challenges for cause to panel members 26
and 27 based on a claimed bias or prejudice. 
We overrule appellant’s first issue.

Reference to Child as “Victim”


            Appellant’s trial counsel filed a motion in limine before
trial, in which he asked that the prosecutor be instructed, among other things,
to refrain from referring to “the alleged victim” as “the victim” before the
jury.  At a pretrial hearing, counsel
argued to the court that the cumulative effect of the State’s repeated
references to appellant’s stepdaughter as “the victim” would be prejudicial.
The court denied the motion as to that item.

On
appeal, in his second issue, appellant contends the trial court reversibly
erred by allowing the prosecution to refer to the child as “the victim.”  By so doing, appellant asserts, the trial
court ratified use of the phrase by the State, amounting to a comment on the
weight of the evidence by the trial court.

As
the State points out, the initial difficulty with appellant’s argument is his
failure to cite to any point in the record at which the prosecution referred to
the child as “the victim” in front of the jury. 
In fact, all appellant’s record citations in his discussion of this
issue are to the pretrial hearing. See
Tex. R. App. P. 38.1(h) (adequate briefing contains appropriate citations to
the record). Issues on appeal are waived if an appellant fails to support his
contentions by citations to the record.  See Jensen v. State, 66 S.W.3d 528, 545
(Tex.App.—Houston [14th Dist.] 2002, pet. ref’d) (appellant waived
review of his complaint because the section of his brief on that issue did not
contain citations to the record). 

Moreover,
given the absence of citations to the record, it goes without saying that
appellant has not pointed us to an instance in which appellant objected during
trial to the State’s reference to “the victim” before the jury.  An adverse ruling on a motion in limine does
not preserve error from the subsequent occurrence at trial of the conduct the
motion sought to exclude. Roberts v.
State, 220 S.W.3d 521, 533 (Tex.Crim.App. 2007); Ethridge v. State, No. 01-10-00027-CR, 2011 Tex.App. LEXIS 4780, at
*8-9 (Tex.App.—Houston [1st Dist.] June 23, 2011, no pet. h.) (mem.
op., not designated for publication). Even if the State used the phrase “the
victim” before the jury,[2]
its use has not been preserved as an appellate issue.  See
Tex. R. App. P. 33.1(a) (preservation of error). 

For both those reasons, we overrule appellant’s
second issue.

Testimony of SANE Nurse

            In his last issue, appellant complains of the trial
court’s admission, over objection, of the SANE nurse’s opinion testimony.  He couches his argument as a challenge to the
reliability of her expert opinions. See Vela v. State, 209 S.W.3d 128, 136
(Tex.Crim.App. 2006); Kelly v. State, 824 S.W.2d 568, 573
(Tex.Crim.App. 1992) (both discussing requirement that expert testimony be reliable).

From
appellant’s brief, it is difficult for us to know exactly which statement of
the SANE nurse on the stand his argument reaches.  The argument section of his brief does not
cite an instance in the record of the trial testimony at which he objected to
opinion testimony of the SANE nurse.  As
with his second issue, all the citations to the record in his argument section
refer to a pretrial hearing. See Tex. R. App. P. 38.1(i) (argument must contain
“appropriate citations . . . to the record”). 
We thus assume appellant relies on Rule of Evidence 103(a)(1) to
preserve the issue for appeal.  Tex. R.
Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1). 


Appellant
does describe the SANE nurse’s trial testimony in the facts section of his
brief.  There, appellant recites the
nurse’s testimony that during her examination of the child, she saw a scar on
the hymen and a second scar extending from the posterior fourchette into the
fossa navicularis.  She described the
scars, and said they were visible on the colposcope photographs she took.  As to opinions, appellant refers to two.  The nurse expressed the opinion that the
injury at the posterior fourchette typically indicates penetration has
occurred. She also stated her conclusion the scar on the posterior fourchette
was consistent with a penetrating injury which could be caused by the fingers
of an adult or a child.  

The
reliability of her first opinion, that an injury in that location typically
indicates penetration, should not be open to question on this record because
appellant’s expert told the court the same thing.  At a pretrial hearing appellant’s expert, a
medical doctor board-certified in obstetrics and gynecology, said a scar or injury
to the hymen or fossa navicularis would not occur absent a penetrating injury
to the vagina.[3]  The first part of the nurse’s second opinion
statement, that the scar was consistent with a penetrating injury, is simply a
restatement of her first opinion, an assertion that a scar in either of those
locations would typically be the result of a penetrating injury.  Again, appellant’s expert expressed the same
opinion.[4]

To
the extent appellant’s argument complains about the second part of the nurse’s
statement, her assertion the injuries that led to the scars she saw could be
caused by the fingers of an adult or a child, we note three things.  First, such an appellate complaint does not
comport with the objection made at trial, and thus was not preserved for review.[5]  Again, appellant is relying on Rule of
Evidence 103(a)(1) for preservation of this issue.  The pretrial objection made by trial counsel
objected to “causation testimony from [the SANE nurse] in the general subject
matter area of opining that the scar[s] noted on the fossa navicularis and/or
hymen are indicative of sexual abuse having occurred.”  As noted, on this record, it is undisputed
that scarring like that the SANE nurse testified she saw would be indicative of
a penetrating injury.  It is doubtful the
trial court considered the nurse’s testimony that it is “possible” for human
fingers to cause such injuries, and that a finger “can” enter the vaginal
orifice and cause injury to be the expression of an opinion that such injuries
are “indicative of sexual abuse.” 
Second, even if preserved, the argument refers most clearly to testimony
adduced on cross examination by appellant. 
Of the statements referred to in appellant’s brief, the only statement
adduced by the State was the nurse’s testimony to the effect that the injuries
she saw were consistent with the child’s allegation that appellant “put his
finger inside her private.”  The more
explicit statements of opinion regarding the ability of human fingers to cause
such injuries were made under appellant’s questioning.  And third, the trial court heard the SANE
nurse describe her training and experience. 
Given her considerable experience and her personal examination of the
child, the trial court reasonably could have concluded the underlying facts and
data provided a sufficient basis for her stated opinion.  See
Vela, 209 S.W.3d at 133.  For all these reasons, we overrule
appellant’s third issue.

Attorney’s Fees

From
our review of the record, we note the judgment in this case contains an order
that appellant repay $12,328.70 in attorney’s fees the county paid his
appointed attorney.  The clerk’s record also
reflects, however, the trial court found appellant indigent and unable to
afford the cost of legal representation. 
It does not appear the trial court made a determination appellant had financial
resources enabling him to pay all or any part of the fees paid
his court-appointed counsel, and we are unable to see any evidence to support
such a determination. The order to repay attorney's fees was
improper because the evidence was legally insufficient to support a finding
appellant had the financial resources to pay attorney's fees. See Mayer v. State, 309 S.W.3d 552
(Tex.Crim.App. 2010) (so holding). Accordingly, we modify the trial court’s judgment
to delete
the order requiring appellant to pay attorney's fees. 

As so modified, we affirm the judgment of the trial court.

                                                                                    James
T. Campbell

                                                                                                Justice

Do not publish.











[1]
Tex. Penal Code Ann. §
22.021(a)(2)(B) (West 2010).





[2] The State further argues the record
shows it did not repeatedly refer to the child as “the victim” during trial,
and the phrase never was used during its questioning of any witness.  From our review of the record, the State’s
argument has weight, but we need not address it further.   





[3]
The State’s evidence showed the
child had ridden a bicycle on the day of her outcry, so some of the testimony
from both sides focused on the possibility of injuries to those areas of her
genitalia from bicycle riding or another play injury.  As noted, neither expert testified such
injuries could be caused in that manner.





[4]
The point of disagreement
between the SANE nurse’s testimony and that of appellant’s expert was the
existence of the two scars.  Appellant’s
expert testified he had reviewed the colposcope photographs and did not see scarring.  He further testified, as did the nurse, that
a penetration injury sufficiently serious to cause such scarring in the vagina
of a child that age would have caused bleeding, and would have required medical
attention. As to the existence of the scars, appellant’s expert had to concede
that he had not examined the child, and that scars visible to a trained
examiner sometimes do not show up on photographs.  Although appellant’s expert disagreed that
scarring was present, he did not express doubt over the qualifications of the
SANE nurse to identify vaginal scarring.





[5]
A party's
"point of error on appeal must comport with the objection made at trial."
Wilson v. State, 71 S.W.3d 346, 349
(Tex.Crim.App. 2002).